**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rodney Glen THOMAS, Defendant–
Appellant.**

No. 08–30030.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Dec. 1, 2008.

Russell E. Smoot, Assistant U.S., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Rebecca Louise Pennell, Esquire, Assistant Federal Public Defender, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: B. FLETCHER and RAWLINSON, Circuit Judges, and EZRA,* District Judge.

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sit-

MEMORANDUM **

Rodney Glen Thomas (Thomas) appeals the district court's denial of his motion to suppress evidence retrieved from his home computers.

 Thomas's wife voluntarily consented to the federal agents' request to seize the computers. "[A] person with common authority over property can consent to a search of that property without the permission of the other persons with whom he shares the authority." *United States v. Murphy,* 516 F.3d 1117, 1122 (9th Cir.2008) (citations omitted). Any statements made by the agents regarding their ability to obtain a search warrant did not vitiate the voluntariness of her consent. *See United States v. Whitworth,* 856 F.2d 1268, 1279 (9th Cir.1988) ("[The agent's] statement indicating that a search warrant would likely be sought ... could not have, by itself, rendered Whitworth's consent involuntary as a matter of law.") (citations omitted).

 Search of the computers was within the scope of Mrs. Thomas's consent. *See Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) ("The standard for measuring the scope of [an individual's] consent under the Fourth Amendment is that of 'objective' reasonableness ...") (citations omitted). The agents informed Mrs. Thomas that if they took the computers they would search them for evidence and Mrs. Thomas indicated her understanding of their stated intent.

**AFFIRMED.**

ting by designation.
** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.